UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
AUG 1 4 2008
Aug 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 05 CR 879-9 |
| vs. | ) | Judge Blanche M. Manning |
| | ) | |
| CUONG DANG | ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant CUONG DANG, and his attorney, BARRY SHEPPARD, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The superseding indictment in this case charges defendant with conspiring to knowingly and intentionally distribute and possess with intent to distribute a controlled substance, namely, wholesale quantities of 3,4-methylenedioxymethamphetamine (commonly known as MDMA or ecstasy), a Schedule I Controlled Substance, and wholesale quantities of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 846 (Count One); with knowingly and intentionally possessing with intent to distribute a controlled substance, namely, approximately 110 pounds of marijuana, a Schedule I Drug Controlled Substance in violation of Title 21, United States Code, Section 841(a)(1) (Count Two); and with knowingly possessing a firearm, namely, a Taurus .40 caliber handgun, model PT9400, fully loaded with 10 rounds of .40 caliber ammunition with

serial number SSA08792, in furtherance of the commission of drug trafficking crimes, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2 (Count Three). The superseding indictment also includes forfeiture allegations.

3. Defendant has read the charges against him contained in the superseding indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

**Charges to Which Defendant is Pleading Guilty**

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts One and Three of the superseding indictment. Count One charges defendant with conspiring to knowingly and intentionally distribute and possess with intent to distribute a controlled substance, namely, wholesale quantities of 3,4-methylenedioxymethamphetamine (commonly known as MDMA or ecstasy), a Schedule I Controlled Substance, and wholesale quantities of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 846. Count Three charges defendant with possessing a firearm, namely, a Taurus .40 caliber handgun, model PT9400, fully loaded with 10 rounds of .40 caliber ammunition with serial number SSA08792, in furtherance of the commission of drug trafficking crimes, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

**Factual Basis**

6. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One and Three of the superseding indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

a. With respect to Count One of the superseding indictment, beginning on a date unknown but not later than in or about January 2004 and continuing until on or about November 17, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant conspired with co-defendants TUAN T. HUYNH, also known as "Luat," "The Boy," "George" and "Josh," DAVID CHAN, HIEP VAN NGUYEN, Thang Van Vu, and others, to knowingly and intentionally distribute and to possess with intent to distribute controlled substances, namely, wholesale quantities of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 846.

Specifically, defendant agreed with HIEP VAN NGUYEN (a/k/a "Thai"), Thang Van Vu, TUAN HUYNH (a/k/a "Luat," "Boy," "George" and "Josh"), DAVID CHAN, and others to obtain, store and distribute marijuana from sources of supply in Canada and elsewhere to local narcotics distributors in the Chicago area and throughout other areas of the United States, and to transport drug proceeds to other couriers, who in turn transported the proceeds to Canadian sources of supply. Defendant was responsible for taking delivery, storing, and transporting marijuana and drug proceeds throughout the United States, specifically including

the Chicago and Minneapolis and St. Paul, Minnesota areas. Defendant worked with and for, among others, Hiep Van Nguyen, Thang Van Vu and TUAN HUYNH, and stored and distributed multiple kilogram quantities of marijuana for Nguyen, Vu and HUYNH. Defendant used his apartment located at 5505 North Spaulding in Chicago to store and distribute these large quantities of marijuana that he received from Nguyen, Vu and HUYNH.

On October 18, 2004, as he had done on other occasions during this conspiracy, defendant knowingly took delivery and knowingly possessed hydroponic marijuana, in this instance approximately 53.2 kilograms of hydroponic marijuana, from Thang Van Vu contained in two duffle bags at his apartment at 5505 North Spaulding, with the intention of storing the marijuana and then distributing the marijuana to others in the Chicago, Illinois area.

Between early 2004 and November 2005, on no fewer than sixteen occasions, defendant took delivery of and knowingly possessed wholesale quantities of hydroponic marijuana that he stored in his apartment at 5505 North Spaulding in Chicago. Defendant intended to distribute this marijuana to others in the Chicago, Illinois area. The amount of marijuana that defendant received and stored varied, from one delivery of approximately 50 pounds (36.3 kilograms) to several deliveries of between 150 and 180 pounds (approximately 68-82 kilograms). In total, from early 2004 through November 2005, defendant took possession of and stored no less than 1500 pounds of marijuana for further distribution to customers in Chicago and elsewhere.

b. With respect to Count Three of the superseding indictment, on October 18, 2004, defendant possessed a firearm, namely, a Taurus .40 caliber handgun, model PT9400, which was fully loaded with 10 rounds of .40 caliber ammunition with serial number SSA08792. Defendant possessed this firearm in furtherance of the commission of the drug trafficking conspiracy charged in Count One and described in paragraph 6(a) above, and the possession with intent to distribute approximately 53.2 kilograms of marijuana on October 18, 2004, as charged in Count Two of the superseding indictment. Defendant possessed this firearm for the protection of his business storing and distributing wholesale quantities of marijuana, including, specifically, his personal protection from his drug associates. Defendant stored the firearm in his apartment, in close proximity to the marijuana he stored, including, on October 18, 2004, approximately 53.2 kilograms of hydroponic marijuana that Thang Van Vu delivered to defendant's apartment for storage on that day.

**Maximum Statutory Penalties**

7. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a. Count One carries a maximum sentence of 20 years' imprisonment. Count One also carries a maximum fine of $1,000,000. Defendant further understands that with respect to Count One the judge also must impose a term of supervised release of at least three years up to and including any number of years, including life.

b. Count Three carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 5 years. The sentence of imprisonment on Count Three is required to be consecutive to the sentence on Count One. Pursuant to Title 18, United States Code, Section 3561 defendant may not be sentenced to a term of probation on this count. Count Three also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Three, the judge also may impose a term of supervised release of not more than five years.

c. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed.

d. Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is life imprisonment, and the minimum sentence is 5 years' imprisonment. In addition, defendant is subject to a total maximum fine of $1,250,000, a period of supervised release, and special assessments totaling $200.

**Sentencing Guidelines Calculations**

8. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree and disagree on the following points, except as specified below:

a. **Applicable Guidelines.** The Sentencing Guidelines to be applied in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guideline Manual.

b. **Offense Level Calculations.**

i. It is the government's position that the base offense level for the charge in Count One of the superseding indictment is 30, pursuant to Guideline §2D1.1(c)(5), because the amount of marijuana involved in the offense of conviction is at least 700 kilograms but less than 1000 kilograms; the defendant disagrees and each party is free to present evidence and argue its respective position at the sentencing hearing.

ii. With regard to Count Two, pursuant to 18 U.S.C. § 924(c) and Guideline § 2K2.4(b), the guideline sentence is the five-year minimum term of imprisonment required by statute.

iii. If by the time of sentencing the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct within the meaning of Guideline §3El.l(a), defendant should receive a two-level reduction in the offense level. At the present time, given that the defendant is

challenging the application of certain guidelines, the government reserves its position on this reduction until the time of sentencing.

iv. In accord with Guideline §3El.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3El.l(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d. **Anticipated Advisory Sentencing Guidelines Range.** It is the government's position that the offense level for Count One is 27, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 70 to 87 months' imprisonment for Count One, and 60 months' mandatory imprisonment for Count Three to run consecutively, for a combined anticipated advisory Sentencing Guideline range of 130 to 147 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. It is the defendant's position

that the offense level for Count One is 25 (assuming he is eligible for a 3-point reduction for acceptance of responsibility), which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 57 to 71 months' imprisonment for Count One, and 60 months' mandatory imprisonment for Count Three to run consecutively, for a combined anticipated advisory Sentencing Guideline range of 117 to 131 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may

correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

**Agreements Relating to Sentencing**

10. The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

13. After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the superseding indictment as to this defendant.

**Forfeiture**

14. The superseding indictment charges that defendant is liable to the United States for approximately $91,502, which funds are subject to forfeiture because those funds constitute proceeds derived from the violations alleged in Count One. By entry of a guilty plea to Count One of the superseding indictment, defendant acknowledges that the property identified above is subject to forfeiture.

15. Defendant agrees to the entry of a forfeiture judgment in the amount of $91,502. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described funds so that these funds may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

**Presentence Investigation Report/Post-Sentence Supervision**

16. Defendant understands that the United States Attorney's Office in its submission to the Probation Department as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The

government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

17. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

18. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

19. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 05 CR 879-9.

20. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

21. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be

conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the superseding indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would

be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b. **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty or sentence. Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

c. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

22. By entering this plea of guilty, defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the Government. Defendant fully understands that, as a result

of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

**Other Terms**

23. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

**Conclusion**

24. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

25. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in

accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

26. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

27. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

28. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 14 August, 2008

for PJF

PATRICK J. FITZGERALD
United States Attorney

CUONG DANG
Defendant

THOMAS D. SHAKESHAFT
Assistant U.S. Attorney

BARRY SHEPPARD
Attorney for Defendant