AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Illinois

UNITED STATES OF AMERICA
V.
Cuong Dang

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 05 CR 879-9

USM Number: 18292-424

Barry D. Shepard
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 1 and 3 of the superseding indictment

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC §846 | Conspiracy to Possess with Intent to Distribute MDMA and Marijuana | 10/18/2005 | 1s |
| 18 USC §924(c)(1)(A) | Possession of a Firearm in Furtherance of the Commission | 10/18/2005 | 3s |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☑ Count(s) all others ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/29/2009
Date of Imposition of Judgment

Blanche M. Manning
Signature of Judge

Blanche M. Manning, U.S. District Court Judge
Name of Judge Title of Judge

2/18/2009
Date

U.S. DISTRICT COURT
2009 FEB 19 AM 7:42

DEFENDANT: Cuong Dang
CASE NUMBER: 05 CR 879-9

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

60 months as to counts 1 and 3, said counts to run consecutively

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant serve his term of imprisonment at the Bureau of Prisons in Oxford, Wisconsin

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .
- ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☑ before 2 p.m. on 3/31/2009 .
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

at ____________, with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Cuong Dang
CASE NUMBER: 05 CR 879-9

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

4 years as to counts 1 and 3, said counts to run concurrently. Drug tests shall not exceed more than 104 tests per year. If defendant is unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, the defendant shall perform at least 20 hours of community service work per week at the discretion and direction of the U. S. Probation Office until gainfully employed.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Cuong Dang
CASE NUMBER: 05 CR 879-9

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ______________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Cuong Dang
CASE NUMBER: 05 CR 879-9

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☑ Lump sum payment of $ 200.00 due immediately, balance due

☐ not later than ____________, or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

See attached order

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 05 CR 879-9
) Judge Blanche M. Manning
CUONG DANG )

PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 21, United States Code, Section 853 and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On August 26, 2006, a superseding indictment was returned charging defendant CUONG DANG with violations of the Controlled Substances Act pursuant to the provisions of 21 U.S.C. § 846 (Count One), among other violations;

(b) The superseding indictment sought forfeiture to the United States of specific property pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2);

(c) On August 14, 2008, pursuant to Fed R. Crim. P. 11, defendant CUONG DANG entered a voluntary plea of guilty to Counts One and Three of the superseding indictment;

(d) Pursuant to the terms of the plea agreement and as a result of his violation of 21 U.S.C. § 846, defendant CUONG DANG agreed that funds in the amount of $91,502 are subject to forfeiture pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2);

(e) Defendant CUONG DANG further agreed to the entry of a preliminary order of forfeiture, before or at the time of sentencing, relinquishing any right, title or interest he has in

the foregoing property;

(f) Accordingly, the United States requests that this Court enter a preliminary order of forfeiture, pursuant to the provisions of 18 U.S.C. § 853(a)(1) and (2), forfeiting all right, title and interest defendant CUONG DANG has in the foregoing funds for disposition according to law;

(g) The United States requests that the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant CUONG DANG and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2) and Fed. R. Crim. P. 32.2, all right, title, and interest of defendant CUONG DANG in funds in the amount of $91,502 is hereby forfeit to the United States for disposition according to law;

2. That, pursuant to the provisions of 21 U.S.C. § 853(g), the United States Marshal shall seize and take custody of the funds in the amount of $91,502 for disposition as the Attorney General may direct;

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), the United States Marshal shall publish notice of this order and of its intent to dispose of the property as the Attorney General may direct. The United States may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government is unaware, at this time, of anyone who qualifies for such notice;

4. Pursuant to the provisions of 21 U.S.C. § 853(n)(2), if following notice as directed

by this Court and 21 U.S.C. § 853(n)(1), any person other than the defendant, asserts a legal claim in the property which has been ordered forfeit to the United States, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing. The hearing shall be held before the Court alone, without a jury;

5. That, following the Court's disposition of all third party interests, the Court shall, if appropriate, enter a final order of forfeiture, as to the property which is the subject of the preliminary order of forfeiture, vesting clear title in the United States of America;

6. The terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant CUONG DANG and shall be made part of any judgment and commitment order entered in this case against him;

7. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

Blanche M. Manning
BLANCHE M. MANNING
United States District Judge

DATED: 1/29/2009